**No. 59837.**—Trans World International Service Co. *v.* United States, protest 251639–K (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of opaque white glass stones, faceted, similar in all material respects to those the subject of Abstract 59105, the claim of the plaintiff was sustained.

**No. 59838.**—Royal Bead Novelty Co., Inc. *v.* United States, protests 255668–K and 260087–K (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of chalk white stones, not faceted, similar, except for faceting, in all material respects to those the subject of Abstract 59105, the claim of the plaintiff was sustained.

**No. 59839.**—Cleveland Worsted Mills Co. *v.* United States, protests 149664–K and 157108–K (Cleveland).

Opinion by WILSON, J. It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159, which was issued following *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492). In that case, it was held that the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content Under T. D. 53159" in the schedule attached to and made a part of the decision in this case.